995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Spencer THOMAS, Plaintiff-Appellant,
v.
CITY AND COUNTY OF SAN FRANCISCO; David J. Friedenberg; et
al., Defendants-Appellees.
 No. 92-16735.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Spencer Thomas appeals pro se the district court's order dismissing sua sponte his action. Thomas filed his 42 U.S.C. §§ 1983, 1985, and 1986 action against the City and County of San Francisco and several private individuals. Thomas claimed that his rights under the due process and equal protection clauses of the fourteenth amendment were violated by the entry of a default judgment against him and that Municipal Court officers improperly handled his appeal. Thomas also claimed that the court officers and judges conspired with each other and with the private defendants in these acts. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 As a preliminary matter, we must determine whether the federal courts have jurisdiction to hear Thomas's action. See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of state court judicial proceedings. District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970) (lower federal courts posses no power to sit in direct review of state court decisions); McNair, 805 F.2d at 890. Review of such determinations may only be obtained in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476; McNair, 805 F.2d at 890. "This [prohibition] applies even when the challenge to the state court decision involves federal constitutional issues." McNair, 805 F.2d at 891 (citing Feldman, 460 U.S. at 482-86).
 
 
 4
 Thomas is a San Francisco landlord unhappy with a default judgment entered against him by the San Francisco Municipal Court in an action by his tenants for breach of the warranty of habitability and an alleged failure by court personnel to process his appeal in that case.
 
 
 5
 In this present action, Thomas alleged that his rights under the due process and equal protection clauses of the fourteenth amendment were violated by the entry of a default judgment against him and that Municipal Court officers improperly handled his appeal. We conclude that Thomas's complaint is another attempt at invalidating the state court judgment entered against him.[2] We also conclude that the constitutional claims Thomas attempted to litigate in the district court are "inextricably intertwined" with the state court's judicial determinations. See Feldman, 460 U.S. at 482-86; McNair, 805 F.2d at 891. Thus, the district court could not evaluate Thomas's constitutional claims without conducting a review of the state court's legal determinations. See Feldman, 460 U.S. at 482-86 & n. 16 (when constitutional claims presented to the United States district court are inextricably intertwined with the state court's decision the district court is being called upon to review the state court decision); McNair, 805 F.2d at 891. Therefore, the district court lack subject matter jurisdiction over Thomas's complaint. See Feldman, 460 U.S. at 486; McNair, 805 F.2d at 893.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although we are affirming on grounds different than relied upon by the district court, the record supports such an affirmance. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989) (in reviewing decisions of the district court, the court of appeals may affirm on any ground finding support in the record), cert. denied, 496 U.S. 937 (1990)
 
 
 [2]
 This court also affirmed the dismissal of Thomas's first federal civil rights action arising out of the same dispute, CV-91-03869-JPV. See Thomas v. Williams, No. 92-15730, unpublished memorandum disposition (9th Cir. ______, 1993)